

**FILED & ENTERED**

**APR 28 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum    **DEPUTY CLERK**

<u>**ORDER NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LOS ARBOLES APARTMENTS & TOWNHOMES, LLC,<br><br>    Debtor-In-Possession. | Case No. 2:14-bk-31901-RK<br><br>Chapter 11<br><br>**SCHEDULING ORDER SETTING HEARINGS ON SHORTENED NOTICE ON DEBTOR'S MOTIONS TO REOPEN AND TO DETERMINE RESPONDENT VFC PARTNERS 29, LLC IS NOT ENTITLED TO RECOVER ATTORNEYS' FEES AND COSTS AND ITS NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST IS VOID** |

Pending before the court is the application of Debtor Los Arboles Apartments & Townhomes, LLC ("Debtor") for order shortening time, ECF 186, on Debtor's "Emergency Motion to Determine that Secured Creditor VFC Partners 29, LLC, a Limited Liability Company, Is Not Entitled to Recover Any Attorney's Fees and Costs and that Its Notice of Default and Election to Sell Under Deed of Trust and Notice of Sale as Containing a Calculation of the Indebtedness Based on Attorney's Fees and Costs is Void and Cannot Be Enforced" ("Motion to Determine"), ECF 185. Concurrently with the filing of the application for order shortening time and the Motion to Determine, Debtor also filed

1  its "Emergency Motion to Reopen Chapter 11 Bankruptcy Case for the Limited Purpose
2  of Seeking a Determination that Secured Creditor VFC Partners 29, LLC, a Limited
3  Liability Company, Is Not Entitled to Recover Any Attorney's Fees and Costs and that Its
4  Notice of Default and Election to Sell Under Deed of Trust, as Containing a Calculation of
5  the Indebtedness Based on Attorney's Fees and Costs is Void and Cannot Be Enforced"
6  ("Motion to Reopen").  ECF 184.  Movant, Debtor, is represented by Philip D. Dapeer, of
7  Philip D. Dapeer, A Law Corporation.  Respondent VFC Partners 29 LLC was previously
8  represented in this case by Jennifer W. Crastz and J. Alexandra Rhim, of the law firm of
9  Hemar, Rosso & Heald LLP.
10         According to Debtor, the court should grant the relief requested in the motions
11 based on the following alleged circumstances: "The irreparable damage and injury [to
12 Debtor] is that Respondent VFC Partners 29, LLC, is seeking to foreclose on the Debtor's
13 single asset real estate, being a residential apartment complex, and Respondent has
14 recorded a notice of default and election to sell under deed of trust, and notice of
15 foreclosure . . . The notice of default pertains to that certain parcel of real property
16 commonly known as 38431 5th Street, Palmdale, California 93550.  Debtor contends that
17 Respondent has failed to obtain an order of the bankruptcy court fixing the amount of
18 attorney's fees and costs payable by the Debtor which fees and costs may be included in
19 a notice of default and election to sell under deed of trust under California law, and as
20 such, because the existing notice of default contains in its statement of indebtedness a
21 claimed amount for attorney's fees which are not chargeable under the subject deed of
22 trust, promissory notice or the modification agreement identified in the Debtor's Plan of
23 Reorganization as that Plan existed on the date of dismissal of the Chapter 11 case, the
24 notice of default and election to sell under deed of trust is void for failing to accurately
25 state the amount of indebtedness due, owing and unpaid by Movant to Respondent
26 under the Loan Modification Agreement."  ECF 184 at 1-2.   In this regard, the court takes
27 judicial notice of certain facts reflected on its case docket for this case that the case was
28

1 dismissed with a one-year bar on refiling by stipulation and order entered on November 3, 2015, and that Debtor's Plan of Reorganization referenced above was never confirmed.

Although Debtor did not notice the Motion to Reopen for hearing and although the Motion to Reopen may be ruled on without a hearing pursuant to Local Bankruptcy Rule 5010-1(e), the court sets the Motion to Reopen for hearing on shortened notice concurrently with the Motion to Determine as set forth below.

Having reviewed the application, the Motion to Reopen, the Motion to Determine, and the record before the court, the court grants the application and sets the following schedule:

1. The court sets hearings on both the Motion to Reopen and the Motion to Determine for May 4, 2016 at 11:30 a.m. before the undersigned United States Bankruptcy Judge in Courtroom 1675 at 255 East Temple Street, Los Angeles, California 90012.

2. Movant Debtor must give telephonic notice of both hearings to VFC Partners 29 LLC or its counsel by April 28, 2016 by 5:00 p.m.

3. Movant Debtor must serve written notice of both hearings and a copy of this order must be provided to Respondent VFC Partners 29 LLC, by April 28, 2016 at 5:00 p.m. by one of the following methods: personal delivery, overnight mail, first class mail, facsimile or email.  Service is also required upon the United States Trustee.

4. No later than April 28, 2016 at 5:00 p.m., a copy of the Motion to Reopen and the Motion to Determine and all supporting documents must be served on Respondent VFC Partners 29 LLC and the United States Trustee by one of the following methods: personal delivery, overnight mail, first class mail, facsimile or email.

5. No later than May 3, 2016 at 5:00 p.m., any written opposition to the Motion to Reopen and the Motion to Determine must be filed with the court and served on Debtor's counsel by one of the following methods: personal delivery, overnight mail, first class mail, facsimile or email.  Service is also required upon the United States Trustee and upon the chambers of the undersigned United States Bankruptcy Judge.

6. A reply to any opposition may be made orally at the hearings.

7. By May 2, 2016, Debtor must file a Declaration of Notice and Service establishing that telephonic notice, written notice, and service of the motion and this order was completed as set forth above, and a judge's copy of the Declaration of Notice and Service must be personally delivered to the chambers of the undersigned United States Bankruptcy Judge.

8. The court's tentative rulings on the Motion to Reopen and the Motion to Determine are as follows:

   a. Regarding the Motion to Determine, the court would deny the Motion to Determine for lack of subject matter jurisdiction and based on permissive abstention.  Through the Motion to Determine, Debtor seeks a determination that VFC Partners 29, LLC is not entitled to recover any attorney's fees and costs pursuant to California Civil Code § 1717 and thus, that the inclusion of an amount for attorney's fees and costs in VFC Partners 29, LLC's Notice of Default and election to Sell Under Deed of Trust and Notice of Sale renders the notices void.  "Jurisdiction, once attached, continues inherent to the Court's authority to supervise the property of (the) debtor and of the estate until the case is closed." 1 *March, Ahart & Shapiro, California Practice Guide: Bankruptcy*, ¶ 1:990 at 1-110 (2015), *citing inter alia*, *Matter of International Institute of The Americas, Inc.*, 63 B.R. 294, 299 (D.P.R. 1986).  After dismissal, Debtor's bankruptcy

case was closed on November 25, 2015, the court did not specifically retain jurisdiction over any matters in its order approving Debtor's stipulated dismissal, ECF 179, and there were no pending matters before the court at the time the case was closed. In this court's view, the issues presented in Debtor's Motion to Determine are entirely state law, non-core matters, which are best left to the determination of the Superior Court of California, and assuming the court had subject matter jurisdiction, it should exercise its discretion to permissibly abstain from hearing the matters. 28 U.S.C. § 1334(c)(1); *In re Tucson Estates, Inc.,* 912 F.2d 1162, 1166-1170 (9th Cir. 1990). The court does not see a good reason why it should consider the merits of the substantive motion, the Motion to Determine, since there is no bankruptcy purpose for hearing that motion in a dismissed case as the basic complaint of Debtor is over a contractual dispute arising out of its loan now held by Respondent, a matter of state law in a two-party dispute, for which Debtor has state law remedies in state court. *See, e.g.,* 1 Witkin, *Summary of California Law,* Contracts, § 853 (10th ed. 2016 online ed.)(listing various remedies for breach of contract, including declaratory relief); 4 Witkin, *California Procedure,* Pleading, § 515 *et seq.* (4th ed. 2016 online ed.); *see also,* California Constitution, Article VI, § 4, *cited in,* 1 Edmon, Rylaarssdam and Karnow, *California Practice Guide: Civil Procedure Before Trial,* ¶ 3.3 (online ed. 2015)("Each [California] superior court has *general* subject matter jurisdiction, meaning that it can adjudicate any and all cases brought before it [subject to certain exceptions and limitations not applicable here].")(emphasis in original). Moreover, there is no bankruptcy purpose for this court to determine the amount of attorneys' fees and costs claimed by Respondent under the parties' state law contract pursuant to California Civil Code § 1717, even such claimed fees and costs

were incurred during the pendency of this bankruptcy case, since they were incurred for services of professionals not employed by the bankruptcy estate, not reviewable under 11 U.S.C. § 330, for example, and there is no good reason why this court should review such fees and costs since the California Superior Court has general subject matter jurisdiction to interpret the parties' contract and review the claimed attorneys' fees and costs based on that contract. In this court's view, the parties are probably better served going directly to the Superior Court to adjudicate this dispute within its general subject matter jurisdiction if Debtor believes that time is of the essence to adjudicate the dispute since the copy of the foreclosure sale attached as an exhibit to the moving papers indicates that the sale is scheduled for May 6, 2016 at 1:00 p.m.

b. Regarding the Motion to Reopen, the court would deny the Motion to Reopen because a dismissed case cannot be reopened under 11 U.S.C. § 350(b). 3 Resnick and Sommer, *Collier on Bankruptcy*, ¶ 350.03 at 350-6 (16th ed. 2015), *citing inter alia*, *In re Income Property Builders, Inc.*, 699 F.2d 963 (9th Cir. 1982). "A dismissal could be undone only through an appeal or a motion under Federal Rule of Bankruptcy Procedure 9023 or 9024." 3 Resnick and Sommer, *Collier on Bankruptcy*, ¶ 350.03 at 350-6

///

Given that this case was dismissed pursuant to stipulation and order, ECF 175, 179 and 180, if Debtor wants the court to reopen this dismissed case for the purposes stated above, Debtor needs to present the court with a proper procedural basis for doing so, which is not yet evident in its moving papers.

IT IS SO ORDERED.

###

Date: April 28, 2016

_____
Robert Kwan
United States Bankruptcy Judge