

**FILED & ENTERED**

**MAY 16 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell **DEPUTY CLERK**

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| In re: | Case No. 2:14-bk-31901-RK |
|---|---|
| LOS ARBOLES APTS. & TOWNHOMES LLC, | Chapter 11 |
| Debtor. | MEMORANDUM DECISION AND ORDER DENYING DEBTOR'S MOTIONS TO DETERMINE SECURED CREDITOR VFC PARTNERS 29, LLC, IS NOT ENTITLED TO COVER ATTORNEYS' FEES AND COSTS AND TO REOPEN CASE |

The above-captioned bankruptcy case came on for hearing on May 4, 2016 before the undersigned United States Bankruptcy Judge on two motions filed by Debtor Los Arboles Apartments & Townhomes, LLC ("Debtor"): (1) "Emergency Motion to Determine that Secured Creditor VFC Partners 29, LLC, a Limited Liability Company, Is Not Entitled to Recover Any Attorney's Fees and Costs and that Its Notice of Default and Election to Sell Under Deed of Trust and Notice of Sale as Containing a Calculation of the Indebtedness Based on Attorney's Fees and Costs is Void and Cannot Be Enforced" ("Motion to Determine"), ECF 185; and (2) "Emergency Motion to Reopen Chapter 11 Bankruptcy Case for the Limited Purpose of Seeking a Determination that Secured Creditor VFC Partners 29, LLC, a Limited Liability Company, Is Not Entitled to Recover

1  Any Attorney's Fees and Costs and that Its Notice of Default and Election to Sell Under
2  Deed of Trust, as Containing a Calculation of the Indebtedness Based on Attorney's Fees
3  and Costs is Void and Cannot Be Enforced" ("Motion to Reopen"), ECF 184. Debtor was
4  represented by Philip D. Dapeer, of Philip D. Dapeer, A Law Corporation. Respondent
5  VFC Partners 29 LLC was represented by Jennifer W. Crastz, of the law firm of Hemar,
6  Rosso & Heald LLP.
7       Having granted Debtor's application to have these motions to be heard on
8  shortened notice, considered the moving and opposing papers and the oral arguments of
9  counsel and having issued a tentative ruling on the motions, the court rules as follows:
10       1. Regarding Debtor's Motion to Determine, the court denies the Motion to
11  Determine for lack of subject matter jurisdiction and based on permissive abstention.
12  Through the Motion to Determine, Debtor seeks a determination that VFC Partners 29,
13  LLC is not entitled to recover any attorneys' fees and costs pursuant to California Civil
14  Code § 1717, and that thus, the inclusion of an amount for attorneys' fees and costs in
15  VFC Partners 29, LLC's Notice of Default and election to Sell Under Deed of Trust and
16  Notice of Sale renders the notices void.  "Jurisdiction, once attached, continues inherent
17  to the Court's authority to supervise the property of (the) debtor and of the estate until the
18  case is closed." 1 March, Ahart & Shapiro, *California Practice Guide: Bankruptcy*, ¶ 1:990
19  at 1-110 (2015), *citing inter alia*, *Matter of International Institute of The Americas, Inc.*, 63
20  B.R. 294, 299 (D. P.R. 1986).  After dismissal, Debtor's bankruptcy case was closed on
21  November 25, 2015, the court did not specifically retain jurisdiction over any matters in its
22  order approving Debtor's stipulated dismissal, ECF 179, and there were no pending
23  matters before the court at the time the case was closed. In this court's view, the issues
24  presented in Debtor's Motion to Determine are entirely state law, non-core matters, which
25  are best left to the determination of the Superior Court of California, and assuming that
26  this court had subject matter jurisdiction, it should exercise its discretion to permissibly
27  abstain from hearing the matters.  28 U.S.C. § 1334(c)(1); *In re Tucson Estates, Inc.*, 912
28

F.2d 1162, 1166-1170 (9th Cir. 1990). The court does not see a good reason why it should consider the merits of the substantive motion, the Motion to Determine, since there is no bankruptcy purpose for hearing that motion in a dismissed case as the basic complaint of Debtor is over a contractual dispute arising out of its loan now held by Respondent, a matter of state law in a two-party dispute, for which Debtor has state law remedies in state court. *See, e.g.,* 1 Witkin, *Summary of California Law,* Contracts, § 853 (10th ed. 2016 online ed.)(listing various remedies for breach of contract, including declaratory relief); 4 Witkin, *California Procedure,* Pleading, § 515 *et seq.* (4th ed. 2016 online ed.); *see also,* California Constitution, Article VI, § 4, *cited in,* 1 Edmon, Rylaarssdam and Karnow, *California Practice Guide: Civil Procedure Before Trial,* ¶ 3.3 (online ed. 2015)("Each [California] superior court has *general* subject matter jurisdiction, meaning that it can adjudicate any and all cases brought before it [subject to certain exceptions and limitations not applicable here].") (emphasis in original). Moreover, there is no bankruptcy purpose for this court to determine the amount of attorneys' fees and costs claimed by Respondent under the parties' state law contract pursuant to California Civil Code § 1717, even if such claimed fees and costs were incurred during the pendency of this bankruptcy case, since they were incurred for services of professionals not employed by the bankruptcy estate, which fees and costs are not reviewable under 11 U.S.C. § 330, for example, and there is no good reason why this court should review such fees and costs since the Superior Court of California has general subject matter jurisdiction to interpret the parties' contract and review the claimed attorneys' fees and costs based on that contract. In this court's view, the parties are probably better served going directly to the Superior Court to adjudicate this dispute within its general subject matter jurisdiction if Debtor believes that time is of the essence to adjudicate the dispute since the copy of the foreclosure sale attached as an exhibit to the moving papers indicates that the sale is scheduled for May 6, 2016 at 1:00 p.m.

///

2. Regarding Debtor's Motion to Reopen, the court denies the Motion to Reopen because a dismissed bankruptcy case cannot be reopened under 11 U.S.C. § 350(b). 3 Resnick and Sommer, *Collier on Bankruptcy*, ¶ 350.03 at 350-6 (16th ed. 2015), *citing inter alia*, *In re Income Property Builders, Inc.*, 699 F.2d 963 (9th Cir. 1982). "A dismissal could be undone only through an appeal or a motion under Federal Rule of Bankruptcy Procedure 9023 or 9024." 3 Resnick and Sommer, *Collier on Bankruptcy*, ¶ 350.03 at 350-6. Given that this case was dismissed pursuant to stipulation and order, ECF 175, 179 and 180, if Debtor wants the court to reopen this dismissed case for the purposes stated above, Debtor needs to present the court with a proper procedural basis for doing so, which is not yet evident in its moving papers.

**IT IS SO ORDERED.**

###

Date: May 16, 2016

_____
Robert Kwan
United States Bankruptcy Judge